UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

IONE LEWIS,

                Plaintiff,

           -against-

DONNA KARAN INTERNATIONAL, INC. and
420 WEST BROADWAY CORPORATION

                Defendants.

Case No. 14CV9078

**COMPLAINT**

ECF Case

**JURY TRIAL REQUESTED**

---

      Plaintiff, Ione Lewis (hereinafter "Plaintiff"), through her undersigned counsel, hereby files this Complaint and sues defendants Donna Karan International, Inc. doing business as DKNY, (the "Store") and 420 West Broadway Corporation, (the "Landlord") (the Store and the Landlord being hereinafter collectively designated as the "Defendants") and alleges, upon information and belief:

## INTRODUCTION

      1.     Over twenty years after Congress passed one of our nation's landmark civil rights laws for people with disabilities, Defendants still maintain barriers that prevent customers who use wheelchairs or scooters from the full, independent and equal enjoyment of the Store's goods and services.

      2.     Defendants have been and remain in violation of federal and state disability civil rights laws, in that they have failed to comply with federal and state nondiscrimination statutes.

      3.     Defendants have discriminated, and continue to discriminate, against Plaintiff in many ways, including, but not limited to, failing to ensure that its place of public accommodation

is accessible to individuals with mobility impairments who require wheelchairs or scooters for mobility.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, and pursuant to 28 U.S.C. § 1367(a), the Court has supplemental jurisdiction over Plaintiff's claims brought under the laws of the State of New York. The Court may grant declaratory and other relief pursuant to 28 U.S.C. §§ 2201 and 2202. Money damages alone are inadequate, and Plaintiff has been suffering, and will continue to suffer, irreparable injury.

5.      Venue is proper within this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

6.      Plaintiff is and has been at all times material hereto a resident of the State of New York.

7.      Plaintiff suffers from cerebral palsy and is primarily dependent on a wheelchair for mobility. Plaintiff therefore has a disability within the meaning of the ADA. 42 U.S.C. § 12102(2)(A). Plaintiff also has a physical disability within the meaning of the laws of the State of New York.

8.      The Store is a foreign corporation existing under the laws of the State of Delaware and owns and operates a clothing and apparel shop, open to the general public, known locally as DKNY located at the premises known and designated as 420 West Broadway, New York, New

York (the "Property"). The Landlord is a foreign corporation formed under the laws of the State of Delaware and is the owner of the Property. Upon information and belief, both the Store and the Landlord are qualified to do business in New York.

## STATEMENT OF FACTS

9. Plaintiff has passed the Store with a desire to enter on a number of occasions, including during a recent visit to the area on June 2, 2014. Plaintiff is regularly in the vicinity of the Store as she often shops and dines in the Soho and Greenwich Village neighborhoods of Manhattan.

10. Plaintiff desires to shop at the Store and to explore the latest fashions, but she is not able to enter the Store. She has long wanted to enter the store but is unable to do anything other than observe the merchandise and the window displays from the sidewalk.

11. When Plaintiff visited the Store, she was able to observe others entering the premises, shopping and purchasing new clothing but she was not able to partake because, inter alia, the steps at the entrances prevented her from entering.

12. Plaintiff seeks declaratory, injunctive and equitable relief, as well as monetary damages and attorneys fees, costs and expenses to redress Defendants' unlawful disability discrimination against Plaintiff, in violation of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181 et seq. and its implementing regulations, 28 C.F.R. Part 36, the New York State Executive Law (the "Executive Law") § 296, New York State Civil Rights Law, § 40, and the Administrative Code of the City New York (the "Administrative Code"), § 8-107. Plaintiff also alleges claims for negligence.

13. Plaintiff will continue to visit the area and will attempt to enter the Store if the barriers to her entry have been removed, permitting her to enjoy the facilities.

14. The services, features, elements and spaces of the Store are not readily accessible to, or usable by Plaintiff as required by the 2010 ADA Standards for Accessible Design (the "2010 Standards").

15. Upon information and belief, since January 26, 1992, the Store has undergone alterations that affected, or could have affected, the usability of part or the entire Store.

16. According to the records of the New York City Department of Buildings, including, but not limited to, including an application with the New York Department of Buildings filed on February 22, 2001 and signed off on October 19, 2001, there have been alterations to the building, the precise scope and nature of which are presently unknown. Upon information and belief, some of the alterations exceeded a total of $500,000, which were sufficiently extensive to require Defendants to comply with the requirements of the ADA and regulations implemented thereunder to the maximum extent feasible.

17. There are various violations of the ADA at the Store, as more fully detailed below (sections listed as violated refer to the 2010 Standards, unless otherwise noted):

Entrances: There are two entrances to the Store, one located at 420 West Broadway (the "Main Entrance") and one located on Thompson Street (the "Rear Entrance"). The following violations of the ADA and the Standards are present at the Entrances:

a) **Violates 2010 Standard 206.1.** This Standard requires that accessible routes shall be provided in accordance with **206** and shall comply with Chapter 4. Violations to 206.2.1, 206.2.4, 206.4, 403.4, 206.5.1, 403.4 and 404.2 are the source of this violation.

4

**b)**     **Violates 2010 Standard 206.2.1.**  This Standard requires at least one accessible route from the sidewalk to the entrance.  There is no route provided whereby a person in a wheelchair may approach the entry doors to this premises, due to the steps.

**c)**     **Violates 2010 Standard 206.2.4.**  This Standard requires that entrances shall be provided in accordance with 206.4, and that entrance doors shall comply with 404 and be on an accessible route complying with 402. Violations to Standard 402 are the source of this violation.

**d)**     **Violates 2010 Standard 206.4.** This Standard requires that entrance doors and doorways comply with 404 and be on an accessible route complying with 402. This is violated by failing to provide an accessible route to the entrance.

**e)**      **Violates Standard 207.1.** 207.1 requires that means of egress comply with section 1003.2.13 of the International Building Code (2000 edition and 2001 Supplement) or section 1007 of the International Building Code (2003 edition). By failing to provide an accessible means of egress, this is violated.

**f)**     **Violates 2010 Standard 216.4.3.**  This rule requires directional signs, complying with 703.5, directing customers to an accessible means of egress.  The lack of directional signs directing to an accessible means of egress is the reason for this violation. Moreover, this violation is particularly troublesome because if a person with disabilities were inside the store during an emergency, that person could be unable to exit the store without assistance.

**g)**     **Violates Standard 210.1.** 210.1 requires that interior and exterior stairs that are part of a means of egress shall comply with 504. This is violated because the entrance steps fail to comply with 504 by having no railings on both sides as required by 504.6 and 505.

5

h) **Violates 2010 Standard 303.4.** This Standard requires that changes in level greater than ½ inch to be ramped. Such ramps must then comply with 405. The steps within the entrance approach are the source of this violation.

i) **Violates 2010 Standard 216.6.** This Standard requires proper signage on any non-accessible entrance indicating the location of the accessible entrance, where multiple entry routes are provided to a premise.

j) **Violates 2010 Standard 403.1**. This Standard requires walking surfaces on an accessible route to comply with 403. The violation of Standard 403.4 is the source of this violation.

k) **Violates 2010 Standard 504.6.** This Standard requires that stairs have handrails which comply with 505. The violations of Standards 505.1, 505.3, and 505.10 are the source of this violation.

l) **Violates 2010 Standard 505.1.** This Standard requires that handrails provided at stairs complying with 504 shall comply with 505.

m) **Violates 2010 Standard 505.2**. This Standard requires that handrails be provided on both sides of stairs. There are no such handrails present at either entrance.

n) **Violates 2010 Standard 505.10.** This Standard requires handrail gripping surfaces beyond the stair flight. As described by 505.10.2 and 505.10.3, such extensions should be present at both the top and bottom of stairs. There are no such extensions present at either entrance.

o) **Violates 28 CFR part 36, subpart D §36.403** (a) (1). This rule requires an alteration that affects the usability of or access to an area of a facility that contains a primary function to be made so as to ensure that, to the maximum extent feasible, the path of travel to the altered area and the restrooms serving the altered area, are readily

6

accessible to and usable by individuals with disabilities, including individuals who use wheelchairs, unless the cost and scope of such alterations is disproportionate to the cost of the overall alteration.

p) **28 CFR part 36, subpart D §36.405** (a).  This rule requires that alterations to buildings that are eligible for listing in the National Register of Historic Places under the National Historic Preservation Act (16 U.S.C. 470 et seq.) or are designated as historic under State or local law, comply to the maximum extent feasible with this part.  This is violated by the failure to provide a ramp for access.

Inside the interior of the Store, the aisles are wide enough for a person in a wheelchair to navigate about freely, and are ADA compliant.  However, the Store lacks an ADA-compliant dressing or fitting room, as follows:

q) **Violates 2010 Standard 202.2.**  This Standard states that where dressing rooms are provided, at least 5% (and no less than one) comply with 803.  The lack of an accessible dressing room is the source of this violation.

## FIRST CLAIM FOR RELIEF

(Americans with Disabilities Act)

18. Plaintiff realleges and incorporates by reference all of the allegations set forth in Paragraphs 1 through 17 of this Complaint as if fully set forth herein.

19. Title III of the ADA provides that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."

20. The Property contains a public accommodation, to wit, the Store. 42 U.S.C. § 12181(7)(B).

21. Defendants have discriminated against Plaintiff on the basis of disability. Defendants' discriminatory conduct includes but is not limited to:

a. Discriminatory exclusion and/or denial of goods, services, facilities, privileges, advantages, accommodations, and/or opportunities;

b. Provision of goods, services, facilities, privileges, advantages, and/or accommodations that are not equal to those afforded non-disabled individuals;

c. Failing to make reasonable modifications in policies, practices, and/or procedures as necessary to afford the goods, services, facilities, privileges, advantages, and/or accommodations of the Store to individuals with disabilities;

d. Failing to design and/or construct the Store so that it is readily accessible to and usable by individuals with disabilities;

e. Failing to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the Store are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs;

f. Failing to make alterations in such a manner that, to the maximum extent feasible, the path of travel to the altered area(s) are readily accessible to and usable by individuals with disabilities; and/or

g.  Failing to remove barriers to individuals with disabilities where it would be readily achievable to do so.

22. Defendants could have removed the illegal barriers at the Store by: (i) ramping the steps at the entrance or providing a lift; (ii) providing ADA-compliant railings alongside the steps at the entrance;  and (iii) modifying the existing dressing rooms so that at least one is ADA-compliant and accessible.

23. The foregoing suggestions are not meant as exclusive but simply provide a means of remedying the ADA violations present.

24. However, Defendants have not remedied the existing violations. As such, Defendants discriminate and, in the absence of the injunction requested herein, will continue in the future to discriminate against Plaintiff on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, accommodations and/or opportunities of the Store, in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. and/or its implementing regulations.

25. Defendants' violations of the ADA have harmed and will continue to harm Plaintiff in the future.

## SECOND CLAIM FOR RELIEF

(Violation of New York State Executive Law)

26. Plaintiff realleges and incorporates by this reference all allegations set forth in Paragraphs 1 through 25 of this Complaint as if fully set forth herein.

27. The Defendants have, and continue, to subject Plaintiff to disparate treatment by denying Plaintiff equal opportunity to use their place of public accommodation all because he is disabled.

28. By failing to comply with the law in effect for decades, the Defendants have articulated to disabled persons such as the Plaintiff that they are not welcome and not desired as patrons of their place of public accommodation.

29. The Defendants have discriminated against Plaintiff in violation of New York State Executive Law § 296(2), by maintaining and/or creating an inaccessible place of public accommodation.

30. The Defendants have failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of Executive Law § 296(2)(c)(iii).

31. It would not impose an undue hardship or undue burden on the Defendants to make their place of public accommodation fully accessible.

32. As a direct and proximate result of the Defendants' unlawful discrimination, in violation of New York State Executive Law, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, embarrassment, stress, and anxiety.

33. Plaintiff has suffered damages in the amount of at least $2,000.00 (TWO THOUSAND DOLLARS) and the total amount shall be determined at trial before a jury.

### THIRD CLAIM FOR RELIEF

(Violation of the Administrative Code of the City of New York)

34. Plaintiff realleges and incorporates by this reference all allegations set forth in Paragraphs 1 through 33 of this Complaint as if fully set forth herein.

35. The Defendants have subjected, and continue to subject, P1aintiff to disparate treatment by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their place of public accommodation, all because of disability, in violation of Administrative Code § 8-107(4).

36. The Defendants have discriminated against Plaintiff in violation of Administrative Code of the City of New York, § 8-107(4), and Local Law 58 by maintaining and/or creating an inaccessible place of public accommodation.

37. The Local Civil Rights Restoration Act of 2005 (the "Restoration Act"), also known as Local Law 58, clarified the scope of the Administrative Code in relation to the New York City's Human Rights Law. The Restoration Act confirmed the legislative intent to abolish "parallelism" between the Administrative Code and the Federal and New York State anti-discrimination laws by stating as follows:

> The provisions of this title shall be construed liberally for the accomplishment of the uniquely broad and remedial purposes thereof, regardless of whether federal or New York State civil and human rights laws, including those laws with provisions comparably-worded to provisions of this title, have been so construed.

Restoration Act§ 7 amending Administrative Code §8-130 (emphasis added).

38. The Administrative Code is to be construed broadly in favor of Plaintiff to the fullest extent possible. Albunio v. City of New York, 2011 NY Slip Op 02480 (N.Y. Court of Appeals, March 31, 2011).

39. As a direct and proximate result of the Defendants' unlawful discrimination, in violation of Administrative Code of the City of New York, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, stress, embarrassment, and anxiety.

40.   The Defendants' long-standing refusal to make their place of public accommodation fully accessible was deliberate, calculated, egregious, and undertaken with reckless disregard to Plaintiff's rights under the Administrative Code.

41.   By failing to comply with the law in effect for decades, the Defendants have articulated to disabled persons such as the Plaintiff that they are not welcome and not desired as patrons of their place of public accommodation.

42.   The Defendants' unlawful discriminatory conduct constitutes malicious, willful and wanton violations of the Administrative Code for which Plaintiff is entitled to an award of punitive damages. Administrative Code § 8-502.

43.   By refusing to make the place of public accommodation accessible, the Store has unlawfully profited from its discriminatory conduct by receiving revenues from an unlawful space and then pocketing monies they should have lawfully used to make the place of public accommodation fully accessible.  The Store's unlawful profits plus interest must be disgorged.

44.   Plaintiff has suffered damages in the amount of at least $2,000.00 (TWO THOUSAND DOLLARS) and the total amount shall be determined at trial before a jury.

## FOURTH CLAIM FOR RELIEF

(Violations of New York State Civil Rights Laws)

45.   Plaintiff realleges and incorporates by this reference all allegations set forth in Paragraphs 1 through 44 of this Complaint as if fully set forth herein.

46.   The Defendants have discriminated against Plaintiff pursuant to New York State Executive Law.

47.   Consequently, Plaintiff is entitled to recover the penalty prescribed by Civil Rights Law §§ 40-c and 40-d, in the amount of $500 for each and every barrier and violation.

48.     Notice of the Defendants' violations and this action has been served upon the Attorney General as required by Civil Rights Law § 40-d.

## FIFTH CLAIM FOR RELIEF

(Common Law Negligence)

49.     Plaintiff realleges and incorporates by this reference all allegations set forth in Paragraphs 1 through 48 in this Complaint as if fully set forth herein.

50.     The Defendants have negligently designed, constructed, repaired, maintained and operated their place of public accommodation located at the Property in a manner that has rendered it inaccessible to the disabled Plaintiff.

51.     At all relevant times, the Defendants had a duty to design, construct, repair, maintain and operate their place of public accommodation in a manner that is accessible to the disabled Plaintiff.

52.     The Defendants breached their duty by negligently designing, constructing, repairing, maintaining and operating their place of public accommodation in a manner that has rendered it inaccessible to the disabled Plaintiff.

53.     The Defendant's failure to design, construct, maintain and operate their place of public accommodation in a manner that is accessible to the disabled Plaintiff has proximately caused Plaintiff to be unable to enjoy full and equal access to the Defendants' place public accommodation.

54.     The Defendant had actual and constructive notice that its place of public accommodation is not accessible to the disabled. The inaccessibility of the Defendants' place of public accommodation is visible, open, obvious, and apparent and has existed for a sufficient length of time for the Defendants to discover and remedy this condition.

55. As a direct result of Defendants' negligence, Plaintiff has suffered and continues to suffer damages in an amount to be determined at trial.

### INJUNCTIVE RELIEF

56. Plaintiff will continue to experience unlawful discrimination as a result of the Store's failure to comply with the above-mentioned laws. Therefore, injunctive relief is necessary to order the Store to alter and modify its place of public accommodation and its policies, practices and procedures.

57. Injunctive relief is also necessary to make the Store readily accessible to and usable by Plaintiff in accordance with the above-mentioned laws, in part, by compelling Defendants to ramp the steps at the entrance, or otherwise provide an accessible means of entry to the Store and an accessible dressing room.

### DECLARATORY RELIEF

58. Plaintiff is entitled to a declaratory judgment concerning each of the accessibility violations committed by the Defendants against Plaintiff as to the policies, practices, procedures, facilities, goods and services.

### ATTORNEY'S FEES, EXPENSES AND COSTS

59. In order to enforce Plaintiff's rights against the Defendants, Plaintiff has retained counsel and is entitled to recover attorney's fees, expenses and costs pursuant to the ADA and the Administrative Code. 42 U.S.C. §12205; 28 C.F.R. §36.505; and Administrative Code § 8-502.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment against the Defendants, in favor of Plaintiff, containing the following relief:

A. Enter declaratory judgment declaring that the Defendants have violated the ADA and implementing regulations, Executive Law and Administrative Code and declaring the rights of Plaintiff as to the Defendants' place of public accommodation, and its policies, practices and procedures;

B. Issue a permanent injunction ordering the Defendants to remove all violations of the ADA, Executive Law and Administrative Code, including but limited to the violations set forth above;

C. Retain jurisdiction over the Defendants until the Court is satisfied that the Defendants' unlawful practices, acts and omissions no longer exist and will not reoccur;

D. Award at least $2,000.00 (TWO THOUSAND DOLLARS) to Plaintiff as compensatory damages, plus pre-judgment interest, as a result of the Defendants' violations of the New York State Executive Law and the Administrative Code of the City of New York;

E. Award at least $2,000.00 (TWO THOUSAND DOLLARS) to Plaintiff as punitive damages in order to punish and deter the Defendants for their violations of the Administrative Code of the City of New York;

F. Award Plaintiff $500.00 (FIVE HUNDRED DOLLARS) for each and every barrier and violation of the law pursuant to New York State Civil Rights Law §§ 40-c and 40-d;

G. Pursuant to New York State Civil Rights Law § 40-d, find the Defendants guilty of a class A misdemeanor for violating New York State Civil Rights Law;

H. Award reasonable attorneys' fees, costs and expenses pursuant to the Administrative Code;

I. Find that Plaintiff is a prevailing party in this litigation and award reasonable attorney fees, costs and expenses pursuant to the ADA; and

J.      For such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims so triable.

Dated: November __, 2014

                                             _____
                                             Frederic S. Rosengarten, Esq. (1683)
                                             Rosengarten & Weiss
                                             Attorneys for Plaintiff
                                             363 Seventh Avenue
                                             New York, New York 10001
                                             (212) 533-2606